IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PABLO ESPINDOLA, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL NO. B-14-008 |
| | § | |
| SAM'S EAST, INC., | § | |
|     Defendant. | § | |

# ORDER

On October 23, 2014, the United States Magistrate Judge filed a Report and Recommendation (Doc. No. 24). Plaintiff has objected (Doc. No. 25) to said Report and Recommendation.

Having considered *de novo* the Magistrate Judge's Report and Recommendation and the issues raised by Plaintiff's objections, the Court hereby adopts the Magistrate Judge's Report and Recommendation (Doc. No. 24) and grants the motion to dismiss filed by Defendant Sam's East, Inc. (Doc. No. 19). Espindola's objections are grounded in certain cases that state that an employer "must provide rules and regulations for the safety of its employees" (Doc. 25, p. 4), and that an employer has a "nondelegable duty to furnish her with reasonably safe instrumentalities" (Doc. No. 25, p. 5). These general statements of law are true and if Plaintiff proves the absence of these provisions, Wal-Mart may ultimately be found to be negligent. Nevertheless, these forms of negligence will be predicated on Wal-Mart's own failings or for the failure of its employees and agents to exercise ordinary care. It is not predicated on a theory of negligent hiring/entrustment. If properly pleaded and proven, Plaintiff may very well prevail on these alleged acts of negligence against Wal-Mart, but attempting to shoehorn them under the label of negligent hiring is not the correct manner to achieve this goal. These are not independent torts of the supervisor; these, if true,

are the failings of the employer. A different ruling would, in effect, place on a supervisor the duty to insure that a worker is not injured. Plaintiffs can pursue, all things being equal, the failure of an employer to provide a safe place to work or provide safe tools with which to work, but, absent a separate tort, such claims are not "negligent supervision/hiring" claims.

Therefore, Plaintiff Pablo Espindola's claims for relief based on negligent hiring, retention and/or supervision are dismissed for failing to state a claim upon which relief can be granted. Plaintiff's other claims are unaffected by this Order.

Signed this 3rd day of December, 2014.

Andrew S. Hanen
United States District Judge